Our second case for this morning is United States v. Nelson, 192985. We are ready to hear from Mr. Hunt if you are on the line. Yes, thank you. May it please the court, I represented Nicholas Nelson at the trial level and I also represented him before this court. Um, there are two issues before the court. But I think the background actually is extremely helpful here. First, as the first issue, it's whether the judge made the right ruling, finding that testimony about marijuana, marijuana search, marijuana odor, um, and a false name given, Adam Nelson by Nicholas Nelson, and a false name given by a passenger, Alexis Sullivan, false name being Brooklyn Sullivan, were relevant. First of all, and whether the introduction of that evidence um, should have been excluded, nevertheless, because the unfair prejudice outweighed any probative value. It's the contention of Mr. Nelson before this court, and was the contention of Mr. Nelson at the trial level, that the evidence regarding marijuana and smelling marijuana and observing marijuana on the clothing of people and finding marijuana and drug dog searches was not relevant in that it did not fit that classic definition of relevance. So can you explain to me, Mr. Hunt, this is Judge Wood, can you explain to me then how the government was supposed to prove the way they found this gun and associated it with Mr. Nelson? Are they just supposed to begin the story of, you know, and then, uh, we moved a sweatshirt and found a handgun and bullets? The jury would think that was a little weird. Your Honor, um, I would disagree in that there was a simple way that wasn't weird to introduce this evidence. They came upon some people in a parking lot at night. Eventually, they did a search of the car and they recovered a sweatshirt and a gun. I don't see why they needed the other prejudicial, unfairly prejudicial evidence because this was not a drug case. Well, was there ever any offer on Mr. Nelson's part to stipulate that the police were legitimately looking around in the car? Um, no, Your Honor. Because ordinarily, you know, the police don't just search every car they see. Well, not being facetious, but I often believe they search more than they should. Maybe so. But in our case, though, I mean, the district judge thought this was just part of the investigation. I know that can be overused, but in this case, each step along the way seems pretty reasonable. They're asked to check on a suspicious vehicle, and then things go south pretty quickly. You know, there are lies, there are, you know, no valid driver's license, a bunch of things, and then, you know, an odor of marijuana. This is all at least reasonable suspicion, if not probable cause. He's never prosecuted for those things, but they do find the gun. And can I dovetail on something you just said, Your Honor? Sure. He's never prosecuted for any of those things. He's never prosecuted arising from a drug dog going around the car. He's never prosecuted in connection with distributive drugs or to possess with intent to distribute. Maybe he should count himself lucky for that. I mean, it seems like he could have been. I mean, marijuana in Wisconsin at the time this happens is still a controlled substance, to hark back a bit to our previous argument. So I'm not sure what we're to take from the fact that even though there was some pretty good evidence of a controlled drug, he doesn't happen to be prosecuted for it. Well, Your Honor, it's like a painting that has a number of pieces. And when you take a look, stepping back at all the pieces, therein lies, for lack of a better phrase, the unfair prejudice. And let me try and explain what I mean by that. It's not just the false names by Alexis Sullivan and Nicholas Nelson. It's not just the noticing marijuana on the front shirt of someone, a passenger in the car. It's the drug dogs. It's the whole thing seems to me to be proved that a felon unlawfully possess a firearm. Everything related to that. Counsel, this is Judge Kainey. Judge Wood, I think, hit the nail on the head. The way to keep that out is to stipulate it. Otherwise, the context is unimaginable to the jury. And you didn't offer to stipulate, I guess. No, I did not. And it wasn't proposed that I offered to stipulate. I did stipulate to certain components of evidence, Your Honor. I stipulated to the prior felony so that the jury would not hear the nature of the felony. But there was no talk of any such proposition. So you had prejudicial evidence get in necessary to show why they were searching the car? But again, why was it necessary to show why they were searching the car? Wouldn't it have been reasonable for the government to be concerned that you might object to the whole search? Whether there was reasonable suspicion slash probable cause to do that? I mean, what the judge relies on is something, again, that we see a lot. He says, you know, the government is entitled to prove how they found that you are a person in possession. That's usually the argument that's contested. Are you in possession of the weapon? The prior felony is almost never a problem. The interstate commerce is almost never a problem. So they're explaining to the jury, how did we find out that you were a felon in possession of a firearm? And the district judge added, I don't know whether rightly or not, that he didn't really think that the drug-related evidence was all that prejudicial anyway. He comments, for better or for worse, it doesn't meet with the opprobrium that it once did. And then all this effort at evasion that goes on as the police are conducting their investigation. It's a hard burden. It's an abuse of discretion standard, and relevance isn't a very high bar. Could I just, going back to the judge's ruling, could I just respond to it? And I'll just warn you that you're still okay on time. You said you wanted five minutes for rebuttal. So I'll interrupt when you're there. I appreciate that. I want the court to focus on this phrase. And the court believes that omitting the evidence would, and I'm going to directly quote the court, quote, would, quote, give rise to the assertion that the officers were harassing and behaving improperly. I don't think that that should be a concern. Let's assume for the sake of argument that there was some stipulation that the police had legitimate reason to search the car. Well, you know, I'm thinking that through. I appreciate the court's questions. But, you know, a stipulation like that might unfairly prejudicially highlight something, Senator, and run contrary to what the court is saying. The jury, I believe, isn't going to guess about whether the police are harassing or behaving improperly. That wasn't one of my arguments. The prosecution didn't suggest that. It just wasn't necessary. Now, if I could just segue into my issue, which is the misstatement by the prosecutor in rebuttal argument that the car was Mr. Nelson's car. Okay, Mr. Hunt, you're free to address this argument, but you're in your rebuttal time now. Oh, I'm sorry, Your Honor. No, it's all right. You may save it if you wish. Oh, if I could come back to it on rebuttal. Yes, you may. That would be fine. Okay. All right, Mr. Koenig. Good morning, Your Honors. May it please the court. My name is Jonathan Koenig and I appear on behalf of the government this morning. I'd like to focus on the contextual evidence that the court seemed interested in during Mr. Hunt's presentation. And Mr. Hunt asserted that there would be a simple way that wasn't weird to present this evidence. But then in the process of thinking that through out loud, he sort of undermined that argument because he raised the possibility, I think a very real possibility, that some kind of stipulation might actually have prejudiced his client because it would leave the jury wondering exactly what led to this search of this car. Maybe it was something even more prejudicial than... Counsel, why shouldn't the judge have simply told the jury that there is no doubt about the because that issue has not been raised. Any motion to suppress evidence has to be raised before trial. It's not something for the jury. So the judge can diffuse all of this just by saying, I've already determined that this is fine. Let's proceed. I guess I would have two responses to that, Judge Easterbrook. The first would be that defense counsel didn't propose that kind of instruction. And the second response would be that that would be a perfectly acceptable way of proceeding, but not necessarily the only way of proceeding that's consistent with the way this court has interpreted. Well, you have two options. One is the judge can say there's no question about the legality of the search. And the other is for the judge to permit the prosecution to introduce other crime evidence in order to raise and rebut an issue that isn't won properly for the jury anyway. Why should a court allow that? Well, respectfully, Your Honor, you've raised other crimes evidence, which is not an issue the appellant has raised in his brief to this court. We don't think that this propensity evidence under 404B. I'm happy to submit supplemental briefing on that point, if you wish. I'm not sure I understand that. I thought the objection was made under Rule 404B and Rule 403. Your Honor, at the trial court level, the objection was asserted under 401, 403, and 404B. And 404B is the other crime evidence rule? Yes, sir. But in neither his opening brief nor his reply brief does the appellant venture into 404B land. So we would say that that objection has been waived. He seems to have focused on 401 and said the only thing, the circumstances leading up to the moving of the sweatshirt and finding the gun are either not relevant at all to a felon in possession charge or are in 403 territory, so prejudicial that the minor relevance is outweighed by the prejudice. Those are the two things. So you think that somebody would have had to ask the court and it would not have been necessary for the court on its own to offer the kind of guidance to the jury that Judge Easterbrook suggested? Yeah, I think if you want a particular instruction, you should ask for it as a general proposition. But more importantly, for purposes of this appeal, I don't think it was misuse of discretion to proceed as the judge did. And that's because the evidence satisfies the relatively low threshold for relevance. And it's not all that prejudicial. This court may disagree with the balance that the trial judge struck, but under this court's cases, the approach taken is deferential and generally does not substitute this court's judgment for that of the trial judge. On the second issue in the appeal, there was a single inadvertent misstatement of fact during the rebuttal closing argument. This was not a full-fledged argument that the car belonged to Nelson, but a single mistaken reference to the car as his. And it was immediately corrected by the prosecutor after an objection in front of the jury. We submit that this didn't rise to the level of prosecutorial misconduct that deprived a defendant of a fair trial in violation of his due process rights. And for all these reasons, we would ask you to I will at this time rest on our brief. Judge Kainey, any questions? No, none. Judge Easterbrook? And none from me. So thank you very much Mr. Koenig. And we will go back to Mr. Hunt for the remainder of this argument. Thank you. May I ask the court how many minutes I have left? Four minutes and 35 seconds. All right. Thank you. Your Honors, Judge, both the government and the defendant, Mr. Nelson, are in agreement as to the controlling case in analyzing whether a statement by a prosecutor in closing argument constitutes reversible error. And that's Darden v. Wainwright. And Darden v. Wainwright contains a five-factor test. The nature and seriousness of the alleged misconduct. Again, in this particular case, it's the nature of the statement. The claim that the car was Mr. Nelson, when in fact it wasn't. And I submit that that meets the seriousness. Go ahead. There was no claim that it was his car. It could be a colloquial term, his meaning he was driving at the time, not that he owned the car. Well, Judge, I saw it differently. I saw it and that's why I made, to borrow a phrase from Mr. Koenig, why I made a full-throated objection when he used the phrase his car. And as a result of that, you emphasized more than it would have been that it was not his car, it was somebody else. But on the subject of instructions, we kind of dovetail into another factor. And that is number three, the district court's instruction after the improper remark. But could I just interject about that, Mr. Hunt? What concerns me about this part of the argument is the prosecutor misstates. The prosecutor says his car. And you do immediately object. And the prosecutor immediately responds, let me rephrase that. And he says the car that was under his evidence. And when there's a dispute, go by your recollection. But how big a difference is there really between his car and the car that was under his control? The point that I'm sure you were afraid of was that if it was his car, or for that matter, a car under his control, then the items inside the car, a jury could rationally think were also under his control and possession. And that would be that for the gun charge. But I'm not sure that there's such a huge difference between the proper phrasing and the improper phrasing. Well, Your Honor, you touched on my fears. Yeah, I mean, I understand that's why you're making the point. But I'm just not sure that the difference is so big between the correct way of describing his relation to the car to meet the Darden test for prosecutorial misconduct. It was certainly a mistake, no doubt about that. Wasn't invited by the defense. The court says to the jury, just think of the evidence. You did have the opportunity to call to the jury's attention that it wasn't his car. And then there's the way to the evidence. So those that's it. Well, can I touch on a point I think I believe I made in the brief that the court's instruction wasn't full throated enough. It was almost as if the court was saying just trust your recollection on what was said. And that's a Darden factor too, is whether the improper remarks cured the problem. I don't think it did. And Your Honor, in a case like this, where you're talking about issues like possession, control, ownership, it is more damning by many degrees to say that a car is a defendant's car, that the car belongs to him. And I think that there's a big distinction than whether the defendant happened to be driving it on that particular day. That doesn't get us to knowing what's in the car. Okay. I think we're going to have to leave it there unless any of the judges has any other questions. And Mr. Hunt, I understand that you have taken this case by appointment. That is correct, Your Honor. And the court appreciates very much your help to your client and to the court. And thanks as well to Mr. Koenig. We will take the case under advisement.